IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | Criminal No. 4:96-cr-14-HDV-RAW |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND RULING DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| THEODORE T. BROWNE, | |
| Defendant. | |

Defendant Theodore Browne moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows a reduction if the United States Sentencing Commission reduces the guidelines range that defendant's sentence was based upon and makes the amendment retroactive. I previously granted defendant a sentence reduction, but was reversed by the Eighth Circuit. United States v. Browne, 364 F. App'x 315, 316 (8th Cir. 2010). The Eighth Circuit concluded that defendant is not entitled to a reduction because the sentence was imposed pursuant to a plea agreement with an agreed sentence pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C) (1996). The Supreme Court of the United States has since ruled that some defendants entering into Rule 11(c)(1)(C)[1] plea agreements are eligible for sentence reductions pursuant to retroactive guidelines amendments. See Freeman v. United States, ___ U.S. ___, 131 S.Ct. 2685, 2697 (2011). Defendant argues that Freeman applies to him.

The government resists defendant's new motion, arguing, as it did in response to the initial motion and on appeal, that defendant was not sentenced based upon a guidelines range, but was sentenced based upon the Rule 11(e)(1)(C) plea agreement with an agreed sentence.

---

[1] Rule 11(e)(1)(C) was the precursor to Rule 11(c)(1)(C), and is largely identical. Freeman, 131 S. Ct. at 2696 n.1.

Fed. R. Crim. P. 11(e)(1)(C) (1996). The government argues that because the sentence was based on the plea agreement, and not a guidelines range, even after <u>Freeman</u> defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2). The government further argues that the Eighth Circuit's 2010 decision in this case is the law of the case and not subject to any new rule established in 2011 in <u>Freeman</u>.

As background, I repeat my reasoning from my 2008 ruling granting defendant a sentence reduction:

> [T]he government argues that defendant is not eligible for a reduction because his sentence was based on the plea agreement and not the then-mandatory sentencing guidelines. This argument, however, is undermined by U.S.S.G. § 6B1.2(c) (1996), a sentencing guideline governing Rule 11(e)(1)(C) plea agreements applicable when defendant was sentenced. This guideline, mandatory at the time, instructs that the court "*may accept* the agreement if the court is satisfied either that: (1) the agreed sentence is within the applicable guideline range; or (2) the agreed sentence departs from the applicable guideline range for justifiable reasons." U.S.S.G. §§ 6B1.2(c)(1)-(2) (1996). Thus, I could only accept the plea agreement and stipulated sentence if the sentence was either within the guidelines or was justified as a permissible departure from the guidelines. The 11(e)(1)(C) plea agreement therefore did not take the sentence out of the guidelines.
>
> When I sentenced defendant, I followed the § 6B1.2(c) requirement that the sentence be within the guidelines or a permissible departure. At defendant's sentencing hearing, before accepting the plea agreement, I calculated defendant's guidelines range. The agreed-upon sentence of 210 months was outside of the sentencing range of 235–293 months calculated by the probation office and anticipated by the parties. I determined, however, that defendant's criminal history score significantly overrepresented the seriousness of his criminal history. Thus, I granted defendant's motion for a downward departure resulting in a guideline range of 210–262 months. After this departure, the agreed sentence fell at the bottom of the applicable guidelines range. Only after concluding that the sentence was within the guidelines range was I satisfied that I could accept the plea agreement and its stipulated sentence under § 6B1.2(c). Accordingly, I accepted the plea agreement.

> After accepting the plea agreement, I was bound to impose the agreed-upon sentence, and I did. Due to the requirement of § 6B1.2(c), however, that sentence was based upon defendant's guidelines range.

United States v. Browne, No. 4:96-cr-14, slip op. at 2-3 (S.D. Iowa, Oct. 29, 2008).

In Freeman, 131 S.Ct. at 2695, Justice Kennedy writes a plurality opinion for four Justices and concludes that based on the guidelines and statutory structure, a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is normally "based on" the sentencing guidelines and therefore subject to retroactive sentencing guidelines amendments. In a concurring opinion, however, Justice Sotomayor agrees with the result, but not Justice Kennedy's analysis. Id. at 2697. Justice Sotomayor concludes that the language of any defendant's Rule 11(c)(1)(C) plea agreement governs whether his or her sentence qualifies for a reduction pursuant to a retroactive guidelines amendment. Id. She distinguishes between those agreements that contain an agreed sentence and those that contain an agreed sentencing range. Freeman, 131 S.Ct. at 2697-98. In the former situation, agreed sentences are not "based on" the sentencing guidelines, but are based on the agreement, and are therefore not subject to subsequent retroactive amendments. Id. at 2697. In the latter situation, an agreement to a sentencing guidelines range does result in a sentence "based on" the sentencing guidelines and such a sentence is subject to a retroactive guidelines amendment. Id. at 2698. As Justice Sotomayor's opinion reflects the narrowest grounds upon which the case is decided, she announces the holding of the court. See Gregg v. Georgia, 428 U.S. 153, 169 n.15 (1976).

Pursuant to Freeman, defendant's agreed 210-month sentence was not based on the sentencing guidelines. Id. Had the parties agreed to a sentencing range, and had I sentenced defendant to 210 months within that range, his sentence would be based on the sentencing guidelines. As the agreement stands, however, the retroactive sentencing guidelines amendment

3

does not apply to defendant's sentence.  Id. at 2697.

As an alternative basis for ruling on defendant's motion, the government also suggests that the Eighth Circuit's decision on his appeal is the law of the case and is not subject to the Supreme Court's subsequent Freeman decision.  In her opinion, Justice Sotomayor cites the Eighth Circuit's approach in United States v. Scurlark, 560 F.3d 839, 842-43 (8th Cir. 2009), as consistent with her opinion.  Freeman, 131 S.Ct. at 2698 n.3.  The Eighth Circuit applied the Scurlark approach in reversing my ruling granting defendant a sentence reduction.  Browne, 364 F. App'x at 316.  Thus, even if the Eighth Circuit's decision is the law of the case, which is unnecessary to decide, it is consistent with Freeman, 131 S.Ct. at 2698 n.3, and would not change the outcome.

For the reasons articulated above, defendant Theodore Thomas Browne's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**DATED** this 9th day of August, 2011.

_____
HAROLD D. VIETOR
Senior U.S. District Judge